UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SINDY PADILLA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF OAKLAND, *et al.*,<br><br>Defendants. | Case No. 18-cv-06175-SI<br><br>**ORDER RE: DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT AND GRANTING PLAINTIFFS LEAVE TO FILE THIRD AMENDED COMPLAINT BY MARCH 6, 2019**<br><br>Re: Dkt. No. 18 |

Defendants' motion to dismiss the second amended complaint ("SAC") is scheduled for a hearing on March 1, 2019. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument and VACATES the hearing.

Defendants contend, *inter alia*, that the SAC's allegations are conclusory, that there are no factual allegations specific to any of the 22 individual defendants, and that plaintiffs have failed to state a claim. Plaintiffs' opposition to defendants' motion asserts numerous new facts that are not alleged in the SAC. Plaintiffs' opposition also fails to address certain of defendants' arguments (such as whether plaintiffs wish to pursue a theory of direct liability against the City for the state tort claims and whether plaintiffs wish to pursue "official capacity" claims against certain defendants), and thus it is unclear whether plaintiffs are abandoning any claims and/or theories.

The Court finds that it is in the interest of judicial efficiency for plaintiffs to file a third amended complaint that contains the new facts asserted in the opposition and clarifies the nature of plaintiffs' claims. In amending the complaint, plaintiffs shall include non-conclusory factual allegations, and plaintiffs must allege facts specific to each defendant; plaintiffs may not lump all defendants or groups of defendants together. The amended complaint shall also clarify whether

plaintiffs seek to hold defendants liable in their official capacities and under direct or vicarious theories of liability.[1]

In addition, if plaintiffs pursue municipal liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), plaintiffs are advised that local governments may be liable under § 1983 only when the actions of their employees in executing a government policy or custom deprive a plaintiff of his or her constitutional rights. *Id.* at 694; *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016), *cert. denied sub nom. Los Angeles Cty., Cal. v. Castro*, 137 S. Ct. 831 (2017). In addition, local governments may be held liable for acts of omission, such as a failure to train, committed with deliberate indifference to a constitutional right. *Clouthier v. Cty. of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010) (citing *City of Canton v. Harris*, 489 U.S. 378, 389-90 (1989)), *overruled on other grounds by Castro*, 833 F.3d at 1070.

Finally, plaintiffs are advised that "[t]he Due Process Clause of the Fifth Amendment and the equal protection component thereof apply only to actions of the federal government—not to those of state or local governments." *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001).

Plaintiffs shall file the third amended complaint by **March 6, 2019.**

**IT IS SO ORDERED**.

Dated: February 22, 2019

SUSAN ILLSTON
United States District Judge

---

[1] Plaintiffs are advised that with regard to state tort claims, "[a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person" "except as otherwise provided by statute." Cal. Gov't Code § 815. "In other words, direct tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care, and not on the general tort provisions of Civil Code section 1714. Otherwise, the general rule of immunity for public entities would be largely eroded by the routine application of general tort principles." *Eastburn v. Reg'l Fire Prot. Auth.*, 31 Cal. 4th 1175, 1183 (2003) (affirming dismissal of negligence claim against public entity where there was no independent statutory basis for imposing liability).